UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GREGORY A. SHANAFELT,

          Plaintiff,

    v.

DAVID HOLLANDER, JEFF GERNER, of
SAIF CORP., THOMAS SHERIDAN of
EMPIRE PACIFIC RISK MANAGEMENT,
INC.,

          Defendants.

Case No. 3:14-cv-1722-ST

FINDINGS AND
RECOMMENDATIONS TO
GRANT IN FORMA
PAUPERIS AND
TO DISMISS

STEWART, Magistrate Judge:

       Plaintiff, Gregory A. Shanafelt, who is representing himself, has applied to proceed *in forma pauperis*.  Because plaintiff indicates that he has no income or assets, his Application to Proceed *In Forma Pauperis* (docket #1) should be granted.  However, for the reasons set forth below, his Complaint should be dismissed with leave to replead, and his Motion for Appointment of Pro Bono Counsel (docket #3) should be deferred.

## STANDARDS

       "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for

lack of jurisdiction.").  Similarly, although not a jurisdictional issue, courts in the Ninth Circuit must decide as a threshold issue whether sovereign immunity under the Eleventh Amendment bars the plaintiff's claims.  *Coal. to Defend Affirmative Action v. Brown*, 674 F3d 1128, 1133 (9th Cir 2012).

Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).  A complaint is frivolous "where it lacks an arguable basis in law or in fact."  *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a)(2).  This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*, quoting *Twombly*, 550 US at 555.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*, quoting *Twombly*, 550 US at 570.

///

///

## ALLEGATIONS

According to the form Complaint, Shanafelt alleges three identical claims that defendants "conspired to defraud [him] out of benefits," and, as a result, he "suffered lack of proper medical attention, loss of wages, quality of life and have suffered from severe chronic pain."  No other facts are alleged, such as what happened when, and what each defendant did or failed to do that caused harm to Shanafelt.  For relief, he seeks to resolve "these ongoing issues" and wants "compensation in full for all lost wages, including pension, vacation, medical benefits, and expenses, past and current" in the sum of $10.5 million, "as well as all attorneys involved to surrender their licenses, including WCB Judges."

Shanafelt does not describe any of the defendants, but some information about each of them is publicly available.  The first named defendant, David Hollander ("Hollander"), is an attorney admitted to the Oregon State Bar.  Based on the fact that Hollander's firm lists personal injuries, workplace injuries, and other types of claims as its practice areas, he may have represented Shanafelt at some point.  Defendant Jeff Gerner's address is SAIF Corporation which is Oregon's non-profit, state-chartered insurance company that handles workers' compensation claims in Oregon.  Defendant Thomas Sheridan's address is Empire Pacific Risk Management, Inc., which, according to its website, is a workers' compensation administrator for employers.  As best as this court can discern, Shanafelt was denied workers' compensation benefits and now seeks the assistance of this court.  However, as discussed below, this court cannot assist him based on the allegations in the Complaint.

## FINDINGS

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants.  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221,

1225 (9th Cir 1989).  A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress.  *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert. denied*, 503 US 936 (1992).

Jurisdiction may be based on a federal question which requires the plaintiff to plead that a defendant has violated a federal law or provision of the United States Constitution.  28 USC § 1331.  Alternatively, jurisdiction may be based on diversity which requires that all parties to an action be "citizens of different states" and the amount in controversy exceed $75,000.00.  28 USC § 1332(a).  A natural person's state citizenship is determined by his or her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F3d 853, 857 (9th Cir 2001).

The Complaint is completely blank as to the source of this court's jurisdiction.  Shanafelt does not list the citizenship of any party and does not specifically invoke jurisdiction based on diversity of citizenship.  However, he does seek damages of well over $75,000.00 and lists his address in the State of Washington and the addresses of the three defendants in the State of Oregon.  Thus, he conceivably may be able to invoke diversity jurisdiction, but currently lacks the necessary allegations to do so.

Besides, Shanafelt has marked the box for federal question jurisdiction in the Civil Cover sheet.  But if he intends to invoke federal question jurisdiction, he fails to identify any violation by any defendants of any specific provision of the Constitution, laws or treaties of the United States.  Compensation paid to workers for on-the-job injuries is a creation solely of state law, not federal law.  Conceivably, he could allege some claim based on a denial of due process.  Under the Fourteenth Amendment, a state may not deprive a person of life, liberty, or property without

due process of law.  However, Clark wholly fails to allege facts as to what due process he was denied by Oregon's workers' compensation process.

Thus, the Complaint fails to allege the facts and claims necessary to invoke either diversity or federal question jurisdiction.

## II.    <u>Failure to State a Claim</u>

Even if Shanafelt seeks damages for a violation of his constitutional rights, he fails to allege any viable claim.  Such a claim must be alleged under 42 USC § 1983 which requires a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law.  *L.W. v. Grubbs*, 974 F2d 119, 120 (9th Cir 1992), *cert. denied*, 508 US 951 (1993); *Lopez*, 939 F2d at 883.

First, a claim under 42 USC § 1983 can be stated only against a person acting "under color" of state law and precludes a claim against private parties.  All of the three defendants are private parties and are not employees of any governmental entity.  Thus, they were not acting "under color" of state law and cannot be held liable under § 1983 absent evidence that the defendant conspired with state officials to deprive Clark of a federal right.  *See Kimes v. Stone*, 84 F3d 1121, 1126 (9th Cir 1996).  No such conspiracy is alleged.

Second, a claim under § 1983 must be filed within a certain period of time after the alleged violation of a constitutional right.  Shanafelt does not allege when he was denied workers' compensation benefits, but it may have been in 2009 when he was last employed. Because § 1983 and most related federal civil statutes have no independent statute of limitations, the applicable limitation period is borrowed from the forum state.  *Wilson v. Garcia*, 471 US 261, 279-80 (1985).  Actions filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes.  *McDougal v. Cnty. of Imperial*, 942 F2d 668, 673 (9th Cir

1991).  In Oregon, this period is two years.  ORS 12.110(1); *Cooper v. City of Ashland*, 871 F2d

104, 105 (9th Cir 1989).  Thus, any claim under § 1983 is time-barred unless the wrongful act

occurred within two years before October 14, 2014, when he filed this Complaint.

Third, Shanafelt may not relitigate in federal court those issues decided by a state court.

"[I]ssues actually litigated in a state-court proceeding are entitled to the same preclusive effect in

a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was

rendered."  *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 US 75, 83 (1984).  Even though a

state court judgment may erroneously decide constitutional or federal law issues, this court lacks

jurisdiction to engage in appellate review of that judgment.  *Texaco, Inc. v. Pennzoil Co.*, 784

F2d 1133, 1141 (2nd Cir 1986), *rev'd on other grounds*, 481 US 1 (1987).  "If the constitutional

claims presented to a United States District Court are inextricably intertwined" with the merits of

a judgment rendered in a state court proceeding, "then the District Court is in essence being

called upon to review the state court decision.  This the District court may not do."  *D.C. Court

of Appeals v. Feldman*, 460 US 462, 483 n16 (1983).  A claim is

> inextricably intertwined with the state-court judgment if the federal claim
> succeeds only to the extent that the state court wrongly decided the issues
> before it.  Where federal relief can only be predicated upon a conviction
> that the state court was wrong, it is difficult to conceive the federal
> proceeding as, in substance, anything other than a prohibited appeal of that
> state-court judgment.

*Pennzoil Co. v. Texaco, Inc.*, 481 US 1, 25 (1987) (Marshall, J., concurring); *accord Canal

Capital Corp. v. Valley Pride Pack, Inc.*, 169 F3d 508, 512 (8th Cir 1999) (a federal claim is

inextricably intertwined with a state court judgment when "the relief requested in the federal

action would effectively reverse the state court decision or void its ruling").

Because Shanafelt mentions an "ALJ," he likely went through the first level of appeal

from a denial of his workers' compensation claim.  *See* ORS 656. 283.  He also has the right of

review by the Appellate Review Unit of the Workers' Compensation Division, ORS 656. 295, and the right of judicial review in the Oregon Court of Appeals. ORS 656.298. If Shanafelt proceeded through all levels of review, as he is required to do under Oregon law, and now is seeking to overturn a judgment entered by an Oregon court with respect to his workers' compensation award, then his claim cannot be brought in federal court.

Finally, Shanafelt is cautioned that if he seeks to allege a fraud claim against defendants based on diversity jurisdiction, then he must "state with particularity the circumstances constitution fraud or mistake." FRCP 9(b). In other words, he cannot generally allege that defendants "conspired to defraud" him, but must allege facts stating exactly what each defendant did to him, when, and how.

## III.    <u>Amendment</u>

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted). At this point, it is highly unlikely, but not entirely impossible, that Shanafelt may be able to allege facts sufficient to state a claim over this court has jurisdiction. Therefore, he should be given an opportunity to file an amended Complaint to cure these deficiencies, if he can do so.

## <u>RECOMMENDATIONS</u>

For the reasons set forth above, Shanafelt's Application to Proceed *In Forma Pauperis* (docket #1) should be granted, but the Complaint should be dismissed based on lack of jurisdiction with leave to file an amended complaint. His Motion for Appointment of Pro Bono Counsel (docket #3) should be deferred until he files an amended complaint alleging some viable claim over which this court has jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Monday, December 01, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED November 10, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge